IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERSTATE INSURANCE COMPANY, a Louisiana Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 04 C 5930 |
| BAUER ROOFING, INC., an Illinois Corporation PAUL BAUER and JOHN BAUER, | ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

In this case, plaintiff American Interstate Insurance Company ("American Interstate") seeks a declaratory judgment that American Interstate owes no duty to defend or indemnify defendants Bauer Roofing, Inc. ("Bauer Roofing") and/or Paul Bauer for injuries sustained by Paul Bauer on October 13, 2003. In the alternative, American Interstate seeks a declaratory judgement that Bauer Roofing, Paul Bauer and John Bauer, together and individually, must indemnify American Interstate for any payments American Interstate is required to make to or on behalf of Paul Bauer. For the reasons stated below, American Interstate's Motion for Summary Judgment is denied.

BACKGROUND

The facts in this case are largely undisputed, but there is a sufficient dispute of material fact to preclude summary judgment. At issue is the effect of an exclusion provision set forth in the workers' compensation policy of insurance issued to Bauer Roofing by American Interstate,

1

Policy No. AVWCIL1175882003, with effective dates of April 12, 2003 to April 23, 2004 (the "Policy").

By way of background, when Bauer Roofing applied for a workers' compensation policy of insurance for the period of April 15, 2002 to April 15, 2003 (a year prior to the Policy at issue), Bauer Roofing originally listed both John and Paul Bauer as officers who were to be excluded from coverage under that insurance policy. (SMF ¶ 7). Later, in August, 2002, John Bauer signed a form excluding himself from insurance coverage as an officer of Bauer Roofing, but also stating that Paul Bauer was "not employed with Bauer Roofing presently." (SMF ¶ 8).

Bauer Roofing then renewed its coverage with American Interstate for the period of April 12, 2003 to April 12, 2004 – the Policy at issue in this case. (SMF ¶ 9). On or about June 14, 2003, John Bauer again executed an exclusion for himself, as an officer of Bauer Roofing. (*Id.*). Later, on July 11, 2003, Bauer Roofing's accountant Ron Paquette faxed a letter to Joyce Whiddon at American Interstate requesting that American Interstate also "Please exclude Paul Bauer from the above policy effective immediately. He resumed his position on June 9, 2003." (SMF ¶ 10).

American Interstate sent the proper forms to Bauer Roofing and, on September 8, 2003, both John and Paul Bauer signed an exclusion form regarding the Policy. (SMF ¶ 11). The exclusion form stated, in relevant part:

> This policy does not cover bodily injury to any person described in the Schedule. The premium basis for the policy does not include the remuneration of such persons. You will reimburse us for any payment we must make because of bodily injury to such persons.

**Schedule**

| PARTNERS: | OFFICERS: | OTHERS: |
|---|---|---|
| | JOHN BAUER | |
| | PAUL BAUER - EFF 07/12/2003 | |

(*Id.*).

On or about October 13, 2003, Paul Bauer sustained bodily injuries when he fell off a roof while working in the course and scope of his employment with Bauer Roofing. (SMF ¶ 13). as result of this accident, Paul Bauer became a paraplegic and is paralyzed from the waist down. (*Id.*). At some time after the accident on October 13, 2003, John Bauer checked the corporate books of Bauer Roofing and discovered that Paul Bauer was never an officer of Bauer Roofing. (SMF ¶ 14). Up to the date of the accident on October 13, 2003, and even beyond that time, John Bauer and Bauer Roofing believed that Paul Bauer was an officer of Bauer Roofing. (*Id.*).

## LEGAL STANDARDS

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the court must view all evidence in the light most favorable to the non-moving party. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The court does not make credibility determinations or weigh conflicting evidence. *Abdullahi*, 423 F.3d at 773. However, summary judgment must be granted in favor of the moving party if there are no genuine issues as to any material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A federal court sitting in diversity applies the substantive law of the forum state. *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 876 (7th Cir. 2005). In this case, both parties agree that Illinois law governs the issues of contract interpretation now before the court.

ANALYSIS

The court begins with the question of whether the contract itself is ambiguous. *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882, 884 (Ill. 1999). Bauer Roofing, John Bauer, and Paul Bauer (collectively "Defendants") argue that the language in the exclusion form is ambiguous, because it is unclear whether the contract excludes only individuals who are actually officers of the company, or any individual whose name is listed in the exclusion form. The court finds no ambiguity or confusion on the face of the contract. By the plain language of the exclusion form, "the policy does not cover bodily injury to any person described in the Schedule." Paul Bauer is listed in the Schedule. It is clear from the face of the contract that Paul Bauer was set forth as a person to be excluded from coverage under the Policy.

However, both parties admit that Paul Bauer was not, in fact, an officer of Bauer Roofing. (SMF ¶ 14). As a matter of law, the Illinois Workers' Compensation Act requires that "[e]very policy of an insurance carrier, insuring the payment of compensation under this Act shall cover all the employees and the entire compensation liability of the insured." 820 Ill. Comp. Stat. 305/4(a)(3). There is a limited exception to this requirement for corporate officers, who "may elect to withdraw themselves as individuals from the operation of this Act." 820 Ill. Comp. Stat. 305/3(17)(b). However, "the Act prohibits [the insurer] from issuing an insurance policy for fewer than all of [the insured's] employees who are not *bona fide* corporate officers who have properly withdrawn from the operation of the Act pursuant to section 3(17)(b) of the

4

Act." *General Cas. Co. of Illinois v. Carroll Tiling Service, Inc.*, 796 N.E.2d 702, 711 (Ill. App. Ct. 2003).

As parties contracting for workers' compensation insurance in Illinois, it can be argued that American Interstate and Bauer Roofing both intended the Policy to cover all non-officer employees of Bauer Roofing. John Bauer believed that the Policy could not exclude a non-officer from coverage. (Def. SMF ¶ 2). Kelly Goins, Senior Vice President of Underwriting Operations, expressed the same understanding. (*Id.*).

It is, however, undisputed that Bauer Roofing did intend to exclude Paul Bauer from coverage. (SMF ¶ 10). Knowing that Paul Bauer performed dangerous work for Bauer Roofing, (Def. SMF ¶ 7), Bauer Roofing explicitly stated that it was excluding Paul Bauer from coverage, to lower its premiums. (SMF ¶ 10) ("It was the intent of Bauer Roofing, Inc. to lower their insurance premiums by excluding Paul Bauer from the policy."). Paul Bauer agreed to this exclusion. (SMF ¶¶ 11-12). Failure to read a document before signing does not excuse a party from compliance with its terms. *Miller v. Wines*, 554 N.E.2d 784, 787-88 (Ill. App. Ct. 1990); *see also Virginia Sur. Co., Inc. v. Bill's Builders, Inc.*, No. 3-06-0606, 2007 WL 1112354, at *5 (Ill. App. Ct. Apr. 10, 2007) (insurer not "required to take affirmative action to confirm that [insured] understood the consequences of his election.").

The foregoing analysis makes clear that the parties shared the intent to exclude Paul Bauer from coverage under the Policy *because* they believed him to be an officer of Bauer Roofing. They were mistaken in this belief.

In cases of mistake, "[a] written contract may be reformed to reflect the intention of the parties and the agreement between them." *Suburban Bank of Hoffman-Schaumburg v. Bousis*,

5

578 N.E.2d 935, 939 (Ill. 1991). In this case, however, the parties' original intent to exclude Paul Bauer and the parties' original intent to exclude only officers of Bauer Roofing are mutually exclusive of one another, in light of the fact that Paul Bauer is not an officer of Bauer Roofing. The parties' intent by itself is therefore not a useful tool in determining the proper scope of the insurance coverage in this case.

When this mistake is viewed in conjunction with the parties' reasonable expectations, the Policy could be read to either include or exclude Paul Bauer from its coverage. The court thus finds the contract as a whole to be ambiguous. Under Illinois law, ambiguities such as this one must be resolved in favor of the insured. *American Family Mutual Ins. Co. V. Hinde*, 705 N.E.2d 956, 959-60 (Ill. App. Ct. 1999). The court therefore interprets the Policy to include coverage for Paul Bauer's injury, and American Interstate's Motion for Summary Judgment is denied insofar as it request a declaration of non-coverage for Paul Bauer.

American Interstate has argued that a ruling that Paul Bauer is covered by the Policy would create an unwanted precedent, in that "it would create an incentive for insureds to deceive and defraud insurers by executing officer and partner exclusion forms for *all* its employees, even though they are not officer [sic] or partners." (Dkt. No. 72 at 10). The court recognizes American Interstate's concern, but finds that that concern is adequately addressed through provisions that allow contracts involving certain misrepresentations to be rescinded. For example, Section 154 of the Illinois Insurance Code governs rescission in the case of insurance contracts. It states, in relevant part:

> No misrepresentation or false warranty made by the insured or in his behalf in the negotiation for a policy of insurance . . . shall defeat or avoid the policy unless it shall have been made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company.

6

215 Ill. Comp. Stat. 5/154.

As discussed above, it is not disputed in this case that Bauer Roofing misrepresented Paul Bauer's status as an officer to American Interstate. Both parties agree that this was a mistake, and that Bauer Roofing had no intent to deceive American Interstate in so doing. However, there remains a question of whether Bauer Roofing's misrepresentation materially affected American Interstate's acceptance of risk. "'Materiality' is determined by asking whether a reasonably careful and intelligent person would have regarded the omitted facts as substantially increasing the chances of the events insured against so as to cause a rejection of the application or different conditions, such as higher premiums." *Royal Maccabees Life Ins. Co. v. Malachinski*, 161 F. Supp. 2d 847, 853 (N.D. Ill. 2001). "Ordinarily, the materiality of a misrepresentation is a question of fact; however, where the misrepresentation is of such a nature that all would agree that it is or is not material, the question is appropriate for summary judgment." *Northern Life Ins. Co. v. Ippolito Real Estate Partnership*, 601 N.E.2d 773, 779 (Ill. App. Ct. 1992).

The evidence in the record before this court is conflicting as to whether Bauer Roofing's misrepresentation materially affected American Interstate's acceptance of risk. On the one hand, American Interstate admits that its underwriter, Joyce Whiddon intended to provide coverage for at least as many as four or five employees when she assessed the risk under the Bauer Roofing Policy. (Def. SMF ¶ 5). American Interstate also admits that, on the date of Paul Bauer's fall, Bauer Roofing's only employees were James Raymond, Don Raymond, Paul Bauer, and John Bauer. (Def. SMF ¶ 6). Thus it would appear that American Interstate's acceptance of the risk was not affected by Bauer Roofing's misrepresentation. On the other hand, it is also undisputed that American Interstate agreed to accept smaller premiums on the understanding that, if Paul

7

Bauer were to be injured in the course of his work for Bauer Roofing, he would not be covered by American Interstate. (SMF ¶ 16). Whether or not American Interstate's acceptance of the risk was materially affected by Bauer Roofing's misrepresentation appears to be a disputed question of fact. Summary judgment on the question of rescission is therefore inappropriate, and American Interstate's Motion for Summary Judgment is denied on this point.

Lastly, American Interstate asks the court to find that Bauer Roofing, Inc., John Bauer and Paul Bauer, together and individually, are responsible for indemnifying American Interstate for any payments American Interstate is required to make because of bodily injury to Paul Bauer. This argument is based on the last sentence of the exclusion provision, which states, "You will reimburse us for any payment we must make because of bodily injury to such persons."

On November 29, 2006, this court determined that "it is a question of fact whether John Bauer or Paul Bauer signed the Endorsement in his individual or official capacity." The court further noted that "the court finds the term "You" to be ambiguous . . . it is unclear from the face of the Endorsement whether it is John and Paul Bauer or Bauer Roofing, Inc. that is expected to 'reimburse us for any payment we must make because of bodily injury to such persons.'"

In its Motion for Summary Judgment, American Interstate sets forth no facts outside of the plain language of the contract to assist the court in determining the meaning of "You." Nor does American Interstate set forth any facts regarding the intent of the parties to bind John and Paul Bauer in their individual or official capacities. American Interstate's argument on this point is underdeveloped, and the court denies the requested relief.

## CONCLUSION

For the reasons stated above, American Interstate's Motion for Summary Judgement is

denied. All dates in this case remain as previously set by the court. The parties are encouraged to discuss settlement.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: May 21, 2007